PROB 12C
Rev 2/03

# United States District Court

## for

## Southern District of Ohio

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Devant Terrell Geter**                                Case Number: **1:00CR00045**

Name of Sentencing Judicial Officer:   **The Honorable Susan J. Dlott**
                                       **United States District Judge**

Date of Original Sentence: **December 14, 2000**

Original Offense: **Conspiracy to Distribute Cocaine, in violation of 21 USC §§ 846 and 841 (a)(1) and (b)(1)(A), a class A felony.**

Original Sentence: **46 months BOP confinement, 5 years supervised release**

Type of Supervision: **Supervised Release**          Date Supervision Commenced: **June 14, 2004**

Assistant U.S. Attorney: **William E. Hunt, esq.**   Defense Attorney: **F. Joseph Schiavone, esq.**

## PETITIONING THE COURT

[ ]  To issue a warrant
[ ]  To issue a summons
[X]  To grant an exception to revocation without a hearing.

The probation officer finds, under penalty of perjury, that probable cause to believe the defendant has violated one or more conditions of supervision exists:

| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | **Condition #7: You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;** |
| | On October 7, October 19, 2004, January 14, January 31, February 14, February 18, and March 1, 2005, Geter submitted urine specimens which returned positive for usage of marijuana. The October 19, 2004 positive urine specimen was considered as part of the same usage as the October 7, 2004 positive urine specimen, and the February 18, 2005 positive urine specimen was considered as part of the same usage as the February 14, 2005 positive urine specimen. As a result, Geter has a total of five positive urine specimens. |
| | 18 USC § 3583(g)(4) requires revocation for submitting more than three positive urine specimens in the same 365 day time period. However, there is an exception clause pursuant to 18 USC § 3583(d). |

**U.S. Probation Officer Recommendation:**

Geter is a first offender, who was evaluated for substance abuse treatment, and was not found to be in need of substance abuse treatment upon release. However, as evident above, Geter started using marijuana during some stressful times within his family. This officer increased the drug testing frequency, and referred Geter for treatment. He is in the early stages of treatment, and he should be afforded the opportunity to complete the course of treatment. He has been cooperative in all other aspects of the supervision.

This officer met with Geter and explained the situation and the proposed modification to Geter in detail, and he understood completely. This officer then explained to Geter in detail his rights to a modification hearing represented by counsel and to consult with an attorney before making any decision on the matter. Geter stated he understood his rights completely, but stated he wanted to waive those rights as he was in agreement with the proposed modification. He read the waiver form, then voluntarily signed the waiver form.

Based on the drug usage and Geter's agreement with the proposed modification, this officer is respectfully recommending the Court grant the exception clause in the case pursuant to 18 USC § 3583(d) and grant the modification as stated below. Please find the signed waiver form attached to this petition.

The term of supervision should be
- [ ] Revoked.
- [ ] Extended for years, for a total term of years.
- [X] Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
- [X] The conditions of supervision should be modified as follows:

The supervised releasee shall participate in the home confinement prorgam for a period not to exceed 120 days. During this time, the supervised releasee shall remain at his place of residence except for employment and other activities approved in advance by the probation officer. The supervised releasee shall be subject to the standard conditions of home confinement adopted by the Southern District of Ohio which may include the requirement to wear an electronic device and follow the electronic monitoring procedures specified by the probation officer. Further, the supervised releasee shall be required to pay the daily costs of such electronic monitoring services. A percentage of the payment may be waived based on the probation officer's evaluation of the supervised releasee's financial conditions.

Respectfully submitted,                          Approved,

by _____                      by _____
Robert C. Frommeyer Jr.                          John C. Cole
Senior U.S. Probation Officer                    Supervising U.S. Probation Officer
Date: **March 25, 2005**                         Date: 3-28-05

PROB 12C
Rev 2/03

3

THE COURT ORDERS:

[ ] No Action
[ ] The Court finds that there is probable cause to believe the defendant has violated the conditions of his/her probation/supervised release and orders the Issuance of a Warrant for his/her arrest.
[ ] The Issuance of a Summons
[X] The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions, and the Court grants the requested modification
[ ] Other

_Susan J. Dlott_
Signature of Judicial Officer

3/29/05
Date