PROB 12C
Rev 2/03

# United States District Court

## for

## Southern District of Ohio

## Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: **Devant Terrell Geter**                                Case Number: **1:00CR00045**

Name of Sentencing Judicial Officer:     **The Honorable Susan J. Dlott**
                                          **United States District Judge**

Date of Original Sentence: **December 14, 2000**

Original Offense: **Conspiracy to Distribute Cocaine, in violation of 21 USC §§ 846 and 841(a)(1) and (b)(1)(A), a class A felony.**

Original Sentence: **46 months BOP, 5 years supervised release**

Type of Supervision: **Supervised Release**          Date Supervision Commenced: **June 13, 2004**

Assistant U.S. Attorney: **William E. Hunt, esq.**   Defense Attorney: **F. Joseph Schiavone, esq.**

## PETITIONING THE COURT

[X]  To issue a warrant
[ ]  To issue an Order to Appear and Show Cause
[ ]  To grant an exception to revocation without a hearing.

| Violation Number | Nature of Noncompliance |
|---|---|
| #1 | **New Law Violation:** |

On August 12, 2005, Geter was arrested by the Regional Narcotic Unit (RENU) on charges of Possession of Cocaine, Drug Trafficking, Carrying Weapons Under Disability, and Possession of a Dangerous Ordinance. The case is currently pending in Hamilton County Municipal court awaiting a grand jury report on August 22, 2005. Geter is currently in the Hamilton County Justice Center on a $300,000 bond.

It should be noted, the above referenced charges are going to be presented before a Federal Grand Jury on Wednesday, August 17, 2005.

Upon obtaining a search warrant for a storage bin on August 10, 2005, regional narcotic agents found Geter to be in possession of three kilograms of cocaine, $400,000 in cash, a weapon-9mm tech 9, and a .233 caliber 90 round capacity ammunition container. A second search revealed a BMW 745L valued at nearly $80,000 and a GMC Denali SUV valued at approximately $50,000. Geter was arrested on August 12, 2005.

PROB 12C
Rev 2/03

2

| | |
|---|---|
| #2 | **Standard Condition: You shall not commit another Federal, state, or local crime and shall not illegally possess a controlled substance. The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.** |

On August 10, 2005, RENU agents discovered Geter was in possession of three kilograms of cocaine and .9MM Tech 9 firearm in a storage bin in Springdale, Ohio.

18 USC §§ 3583(g)(1) and (2) require revocation for actual possession of a controlled substance and a firearm, respectively..

| | |
|---|---|
| #3 | **Condition #6: You shall notify the probation officer ten days prior to any change of residence or employment;** |

On July 27, 2005, Geter left the Talbert House halfway house program, and did not return as required. Geter failed to notify this officer of his change in address as required. Geter was arrested on August 12, 2005, and was found to be staying at the Baymont Hotel in Springdale. Geter did not notify this officer of that address.

| | |
|---|---|
| #4 | **Condition #7: You shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;** |

On October 7 and October 19, 2004, January 14, January 31, February 14, February 18, March 1, and April 4, 2005, Geter submitted urine specimens which returned positive for usage of marijuana. The October 7 and October 19, 2004 specimens were considered part of the same usage. In addition, the February 14 and February 18, 2005 specimens were considered part of the same usage. Therefore, Geter has had six different incidents of positive drug tests.

18 USC § 3583(g)(4) requires revocation for submitting more than three positive drug tests within the same 365 day time period. It should noted, the Court did previously grant the exception clause under 18 USC § 3583(d). However, Geter failed to complete the sanction imposed by the Court with the exception clause.

| | |
|---|---|
| #5 | **Special Condition--The supervised releasee shall reside in a halfway house facility for a period not to exceed 180 days in the work release component. While in the program, the supervised releasee shall abide by all of the rules and regulations of the program, participate in required programming, and shall be cooperative and compliant with the program's staff.** |

As a sanction included with the granting of the exception clause un 18 USC § 3583(d), the Court granted the above-referenced halfway house placement on June 9, 2005. Geter entered the Talbert House halfway house program on June 28, 2005. Geter was terminated from the program on July 29, 2005 for being absent without leave (AWOL). Geter left the program on July 27, 2005 for work, but did not return to the program as required.

PROB 12C
Rev 2/03

3

#6  **Condition #2: You shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month;**

From the months of July 2004 until May 2005, Geter falsified his monthly supervision reports indicating he was gainfully employed at Pride Cast Metals, when in fact, he had been terminated from that employment in July 2004. When asked for his pay stubs each month, Geter would lie and state he forgot them at home and would bring them in later in the week. This officer verified the termination of the employment with Pride Cast Metals.

**U.S. Probation Officer Recommendation:**

Geter has been dishonest throughout the supervision term to date. He has displayed drug usage, and a significant involvement in drug trafficking activities. He was found to be in possession of three kilograms of cocaine and $400,000 in cash, along with an automatic weapon with a 90 round banana magazine. He absconded from the halfway house facility, and his whereabouts was unknown until he was arrested on new charges. Geter is facing statutorily required revocation based on the violation conduct. Clearly, Geter possess a threat to society, and should be confined. Therefore, this officer is respectfully recommending warrant be issued as a detainer.

The term of supervision should be
- [X] Revoked.
- [ ] Extended for years, for a total term of years.
- [ ] Continued based upon the exception to revocation under 18 USC 3563(e) or 3583(d)
- [ ] The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Approved,

Executed on **August 15, 2005**

Robert C. Frommeyer Jr.
U.S. Probation Officer

by

John C. Cole
Supervising U.S. Probation Officer
Date: 8/15/05

---

THE COURT ORDERS:

- [ ]  No Action
- [X]  The Court finds that there is probable cause to believe the defendant has violated the conditions of his supervised release and orders the Issuance of a Warrant for his arrest.
- [ ]  The Issuance of an Order to Appear and Show Cause
- [ ]  The Court finds the defendant can benefit from continued substance abuse treatment and grants an exception to revocation. The supervision term of the defendant is continued under all original terms and conditions.
- [ ]  Other

Signature of Judicial Officer

August 15, 2005
Date